IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

HERCEL K. FOLEY                                                                    PLAINTIFF

v.                                          No. 1:17-CV-00125-BSM-JTK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security                                                                    DEFENDANT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Hercel Foley applied for social security disability benefits with an amended alleged onset date of April 17, 2015. (R. at 200). After a hearing, the administrative law judge (ALJ) denied his application. (R. at 174). The Appeals Council denied his request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Foley has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

I.      **The Commissioner's Decision**

The ALJ found that Foley had the severe impairments of multilevel spondylosis at C5–C6 and C6–C7 with some canal stenosis, right eye blindness, history of brain aneurysm repair in May 2013, transient ischemic attack, anxiety; fatigue, gastroesophageal reflux disease, depression, and bipolar disorder. (R. at 162). The ALJ then found that Foley's impairments left him with the residual functional capacity (RFC) to perform light work except that he could perform occasional climbing, stooping, kneeling, crouching, and crawling; never balance due to blindness in one eye and neck issues; stand/walk for six to eight hours, one to two hours without interruption; reach overhead for one third of the day or less; never work at unrestricted heights or operate moving machinery such as a car, bus, taxi cab, or forklift; perform simple, unskilled, or rote work; understand, remember, and follow concrete instructions; and have superficial contact with supervision, coworkers, and the public, defined as meeting and greeting, making change, and giving simple instructions and directions. (R. at 165). The RFC precluded Foley's past relevant work. (R. at 172). However, a vocational expert (VE) testified that a person with Foley's RFC could perform jobs such as blending tank tender helper, sandwich board carrier, or clerical router. (R. at 173). The ALJ therefore held that Foley was not disabled. (R. at 174).

## II. Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Foley argues that the ALJ failed to properly consider the opinion of his treating physician, Anandaraj Subramanium, M.D., provided insufficient reason for discrediting the opinion, and failed to seek necessary clarification from Dr. Subramanium. The undersigned agrees.

An ALJ has a duty to ensure that the record contains evidence from a treating or examining physician addressing the particular impairments at issue. *Strongson v. Barnhart*, 361 F.3d 1066, 1071-72 (8th Cir. 2004). The opinion of a treating physician is entitled to controlling weight if it is supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008) (quoting *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000)). Whatever weight the ALJ gives to the treating physician's opinion, he must provide good reason for giving the opinion that weight. *Id.* It is not permissible for the ALJ to "play doctor," substituting his own medical judgment for that of a physician. *Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009).

The ALJ stated in his decision that he gave the treating physician's opinion little weight because the "limitations are not supported by the evidence of record," Foley received conservative treatment for his back impairments, was off Zoloft, his aneurysm was stable, and "he had no restrictions in range of motion." (R. at 171). At the hearing, the ALJ stated that Dr. Subramanium did not "take this procedure seriously," as the ALJ did not understand the reasoning for the limitations that he found. (R. at 224–28). Concerningly, the exhibits to which the ALJ cites do not directly support his stated reasons for discrediting Dr. Subramanium's opinions. The ALJ seemingly drew some inferences from the record, which is not permissible.

No other treating physician has opined what physical limitations Foley has in his ability to work. The ALJ focused on a lack of lower back symptoms, whereas Dr. Subramanium considered all of Foley's impairments. It is not clear whether Dr. Subramanium opined severe limitations in sitting due to Foley's pain in his lower back, in his neck, or perhaps due to circulatory issues relating to his aneurysm or blood pressure. Foley observes that Dr. Subramanium is often called upon for consultative examinations by the State Agency, so it is unlikely that he does not take his duties seriously, as the ALJ speculated.

According to Dr. Subramanium, he first saw Foley in October 2010 and then approximately every two to three months thereafter. (R. at 1196). Considering the treatment history that Foley has with Dr. Subramanium, the undersigned finds the situation similar to that discussed in *O'Donnell v. Barnhart*, 318 F.3d 811 (8th Cir. 2003). There, the Eighth Circuit held that the ALJ had a responsibility to recontact a treating physician for clarification if there was some doubt as to the physician's opinion. 318 F.3d at 818. The undersigned considers this even more appropriate here, considering Dr. Subramanium's status as a consultative examiner for the State Agency. There were no physical consultative examinations or opinions from other treating physicians as to Foley's physical limitations. Without Dr. Subramaium's opinion, the ALJ only had the opinions of the non-examining State Agency consultants and his own inferences to rely upon. The ALJ gave great weight to the opinions of the State Agency consultants, but such opinions from non-examining sources are not entitled to such weight. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). The ALJ did not fulfill his duty to properly develop the record with evidence from a treating or examining

physician and failed to give good reason for the weight given to Dr. Subramanium's opinion.

### III. Recommended Disposition

The ALJ failed to provide good reason for discrediting Dr. Subramanium's opinion and failed to fully and fairly develop the record. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary, to seek further clarification from Dr. Subramanium, and to reconsider Foley's RFC in light of all his impairments.

Dated this 27th day of November, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE